1

2

3

4               UNITED STATES DISTRICT COURT

5              NORTHERN DISTRICT OF CALIFORNIA

6                    SAN JOSE DIVISION

7

8   AMTRUST INTERNATIONAL                 Case No.  22-cv-03844-BLF (VKD)
    UNDERWRITERS DAC,

9           Plaintiff,                     **ORDER RE OCTOBER 9, 2024
                                           DISCOVERY DISPUTE**
10        v.
                                           Re: Dkt. No. 113
11  180 LIFE SCIENCES CORP.,

12          Defendant.

13  180 LIFE SCIENCES CORP.,

14          Counterclaimant,

15        v.

16  AMTRUST INTERNATIONAL
    UNDERWRITERS DAC,

17
            Counterdefendant.
18

19        Plaintiff and counterdefendant AmTrust International Underwriters DAC ("AmTrust") and

20  defendant and counterclaimant 180 Life Sciences Corp. ("180 Life") ask the Court to resolve their

21  dispute concerning AmTrust's requests for production of certain documents from 180 Life.  Dkt.

22  No. 113.  The Court finds this matter suitable for decision without oral argument.  *See* Civil L.R.

23  7-1(b).

24  **I.      BACKGROUND**

25        AmTrust served 27 documents requests on 180 Life on September 29, 2023.  Dkt. No. 113

26  at 2; Dkt. No. 113-1.  180 Life responded on October 30, 2023, generally representing as to each

27  request that it would produce all non-privileged documents responsive to the request, except where

28  180 Life specifically indicated that it did not have or could not locate any responsive documents,

United States District Court
Northern District of California

or where it limited its production to "relevant" non-privileged documents.  Dkt. No. 113-3. Apparently, the parties "mutually refrained" from actually producing documents until the very end of the fact discovery period.  Dkt. No. 113 at 2.

On September 16, 2024, five days before the close of fact discovery, 180 Life amended its document request responses, now objecting that several requests "do[] not seek potentially relevant materials" because they are not related to "whether there was 'any **Claim** alleging in whole or in part any **Wrongful Acts** committed, attempted or allegedly committed or attempted by any **Insured** subsequent [to] the date of such Change In Control,'" and further advising that, in view of this objection, "180 Life has no documents to produce."  *See* Dkt. No. 113-2 (Responses to RFPs 2, 6, 11-14,16, 19-24).

AmTrust argues that 180 Life should not be permitted to rely on these belated objections to limit its production.  Dkt. No. 113 at 2-3.  180 Life responds that the claims and defenses at issue are now substantially narrower than when AmTrust first served its document requests and that having to respond to these requests now would impose undue burden on 180 Life.  *Id*. at 7-8.

## II. DISCUSSION

The parties agree that this dispute is limited to the following categories of documents:

1. All communications and documents that discuss insurance coverage exchanged between 180 Life and: (1) its insurance brokers; (2) Dr. Krauss; or (3) Mr. Hornig regarding any Claim tendered for coverage by 180 Life to AmTrust under the AmTrust Policy.

2. All communications and documents exchanged between 180 Life and Hudson, 180 Life's D&O carrier Post-Merger, regarding any Claim tendered for coverage by 180 Life to AmTrust under the AmTrust Policy, including but not limited to communications and documents related to the SEC Subpoenas, the SEC Investigation, and the Dr. Krauss' Advancement Action.

3. All communications and documents exchanged with Dr. Krauss and/or Hornig regarding the SEC Investigation (which AmTrust has made clear also means exchanged in the Advancement Action).

4. All communications exchanged with the SEC regarding the SEC Investigation.

5. The "Management Representation Letter" referenced in Dr. Krauss's SEC interview, and any other documents and communications that reference that document.

*Id.* at 4.

A party may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). 180 Life argues that the two summary judgment decisions Judge Freeman has issued in this case, and the fact that the SEC has terminated its investigation of the KBL merger, Dr. Krauss and Mr. Hornig, renders some of the documents AmTrust seeks irrelevant to any claim or defense. AmTrust counters that 180 Life's reliance on Judge Freeman's summary judgment orders is misplaced, and that 180 Life ignores its own claims that AmTrust made incorrect coverage determinations in bad faith and AmTrust's defenses to those claims.

The precise scope of 180 Life's claims against AmTrust is not entirely clear. 180 Life's counterclaim against AmTrust seeks "damages . . . for the bad faith breach of [AmTrust's] obligations under the primary D&O policy it sold 180 Life, as well as declaratory relief . . . arising out of [AmTrust's] contractual obligations . . . to pay, among other things, the costs advanced by 180 Life to 180 Life's former D&Os." Dkt. No. 14 at 16 ¶ 1. 180 Life's counterclaim also seeks relief for AmTrust's denial of coverage for what 180 Life calls the "Counterclaim and Third-Party Complaint in the 180 Action." *Id.* at 17 ¶ 4. As noted in Judge Freeman's April 21, 2023 order, 180 Life has made coverage demands to AmTrust for expenses advanced to Dr. Krauss and/or Mr. Hornig in connection with several proceedings, and not just for expenses incurred in connection with the SEC investigation. *See* Dkt. No. 59 at 2, 4-5. For this reason, the Court finds unpersuasive 180 Life's argument that it should be permitted to limit its production of documents only to communications relating to coverage for expenses Dr. Krauss and Mr. Hornig incurred in responding to the SEC subpoenas or for expenses incurred in the Advancement Action,[1] as the

---

[1] The Advancement Action refers to the action Dr. Krauss filed against 180 Life in the Delaware Chancery Court to compel 180 Life to advance certain fees and expenses to her. *Krauss v. 180 Life Sciences Corp.*, No. CV 2021-0714-LWW (Del. Ch.).

United States District Court
Northern District of California

claims at issue in this case appear to extend beyond those specific coverage disputes.

With respect to termination of the SEC's investigation, 180 Life argues that because the SEC has decided not to bring charges against Dr. Krauss or Mr. Hornig there will never be an allegation of "Wrongful Conduct" against either of them regarding post-merger misconduct. Dkt. No. 113 at 7. The problem with 180 Life's argument is that the SEC's investigation itself constitutes a "Claim" under the AmTrust policy, and 180 Life sought coverage for expenses incurred in responding to that investigation. *See* Dkt. No. 75 at 3 n.1. As Judge Freeman observed in her February 12, 2024 order, the SEC investigation that resulted in the issuance of subpoenas to Dr. Krauss and Mr. Hornig was "something of a black box." *Id.* at 12. However, in holding there was potential coverage for the SEC subpoenas and related Defense Costs, the order observed that AmTrust may be able to show conclusively that the Change of Control Exclusion applies to bar coverage "at a later date, upon a more factually developed record regarding the SEC investigation." *Id.* AmTrust seeks documents in an effort to develop the record on this point.

In sum, the five document categories listed above appear reasonably tailored to discovery of non-privileged documents that are relevant to the parties' claims and defenses. The Court is not persuaded that the scope of these document categories would require 180 Life to engage in an unduly burdensome search. The requests are necessarily limited by time and subject matter to the coverage disputes and related claims described in the pleadings. Accordingly, the Court orders 180 Life to produce all non-privileged documents responsive to the five categories listed above by **November 15, 2024**.

**IT IS SO ORDERED.**

Dated: October 28, 2024

Virginia K. DeMarchi
United States Magistrate Judge

4