**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| AMTRUST INTERNATIONAL UNDERWRITERS DAC,<br><br>            Plaintiff,<br>    v.<br>180 LIFE SCIENCES CORP.,<br><br>            Defendant. | Case No.  22-cv-03844-BLF<br><br>**ORDER RE ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>[Re: ECF 119, 122, 124] |
| 180 LIFE SCIENCES CORP.,<br><br>            Counterclaimant,<br>    v.<br>AMTRUST INTERNATIONAL UNDERWRITERS DAC,<br><br>            Counterdefendant. | |
| 180 LIFE SCIENCES CORP.,<br><br>            Third-Party Plaintiff,<br>    v.<br>FREEDOM SPECIALTY INSURANCE COMPANY,<br><br>            Third-Party Defendant. | |

Before the Court are two sealing motions filed by Amtrust International Underwriters DAC ("AmTrust") and one sealing motion filed by 180 Life Sciences Corp. ("180 Life" or "the company"):  (1) AmTrust's motion to seal certain exhibits filed with its motion for summary judgment and portions of its memorandum of points and authorities referring to those exhibits (ECF 119); (2) 180 Life's motion to seal certain exhibits filed with its opposition to summary

1  judgment and portions of its memorandum of points and authorities referring to those exhibits

2  (ECF 122); and (3) AmTrust's motion to seal portions of its reply brief (ECF 124).

3      The motions are addressed in turn below.

4  **I.  LEGAL STANDARD**

5      "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178-79.

    Records attached to motions that are "not related, or only tangentially related, to the merits of a case," however, are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). That standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

    When a party moves to seal material it believes to be confidential, the party must file a statement specifically explaining the legitimate private or public interests that warrant sealing and

2

1    what injury will result if sealing is denied.  *See* Civ. L.R. 79-5(c).  When a party moves to seal

2    material because that material has been designated as confidential by another party or a non-party

3    ("the designating party"), the designating party must file the requisite statement justifying sealing.

4    *See* Civ. L.R. 79-5(f).  Moreover, the moving or designating party must demonstrate that a less

5    restrictive alternative to sealing is not sufficient and that the sealing request is narrowly tailored in

6    include only sealable material.  *See* Civ. L.R. 79-5(c), (f).

**II.  DISCUSSION**

The briefs and exhibits that are the subject of the parties' sealing motions relate to AmTrust's motion for summary judgment.  Courts in this district generally find that records relating to a summary judgment motion are subject to the compelling reasons standard, and this Court finds the compelling reasons standard to be applicable here.  *See, e.g., Applied Materials, Inc. v. Demaray LLC*, No. 5:20-CV-09341-EJD, 2023 WL 4409106, at *1 (N.D. Cal. July 7, 2023) ("A party seeking to seal judicial records related to a dispositive motion, such as a motion for summary judgment, must demonstrate that 'compelling reasons' support its request.").

**A.  AmTrust's Motion to Seal Portions of Moving Papers and Exhibits (ECF 119)**

AmTrust moves to seal exhibits attached to the declaration of Adrian T. Rohrer filed in support of its motion for summary judgment, specifically, portions of Exhibit 4 and the entirety of Exhibits 8-13.  AmTrust also moves to seal portions of its memorandum of points and authorities that refer to Exhibits 4 and 8-13.

AmTrust itself does not contend that this material is sealable.  The motion is made on the ground that the material in question was designated as confidential by 180 Life and/or non-party Dr. Marlene Krauss.  The exhibits at issue relate to an investigation by the United States Securities and Exchange Commission ("SEC") that involved 180 Life, Dr. Krauss, and non-party George Hornig.

As the designating parties, 180 Life and/or Dr. Krauss have the burden to show the existence of compelling reasons for sealing.  180 Life has filed a declaration of counsel, Jeffrey W. Shields, setting forth 180 Life's arguments for sealing.  *See* Shields Decl., ECF 121.  Mr. Shields advances three arguments.  First, he contends that disclosure of the exhibits "would

3

jeopardize the SEC's compelling interest in protecting its investigative process." Shields Decl. ¶ 4. Second, Mr. Shields states that Exhibits 4, 9, and 10 are subject to certain "confidentiality obligations." *Id*. Finally, Mr. Shields argues that Exhibits 10, 12, and 13 contain sensitive, confidential, and proprietary business information.[1] *Id*.

Only the last argument is meritorious. Compelling reasons for sealing may be found with respect to "confidential and private information about [a company's] business strategy and trade secrets, including internal operations information, account assignments and divisions, financial information regarding specific clients, and [a company's] organization structure and sales strategies." *Barnes v. Hershey Co.*, No. 3:12-CV-01334-CRB, 2015 WL 1814293, at *2 (N.D. Cal. Apr. 21, 2015). The Court has reviewed Exhibits 10, 12, and 13 and finds that they are sealable under this standard. Exhibit 10 is a slide show presentation made by 180 Life to the SEC during the SEC investigation, which discloses internal operations of the company. Exhibit 12 is a transcript of Dr. Krauss' interview with the SEC, which also discloses internal operations of the company. Exhibit 13 is a letter relating to the company's quarterly financials. The Court finds compelling reasons to seal those documents in their entirety, as redaction of the sealable material contained therein would be impractical.

180 Life's other arguments fall short of the compelling reasons standard, however. Mr. Shields' bare assertion that Exhibits 4, 9, and 10 are subject to certain "confidentiality obligations," without any explanation regarding the nature and scope of those obligations, is insufficient to establish compelling reasons for sealing. With respect to the argument that disclosure of the exhibits "would jeopardize the SEC's compelling interest in protecting its investigative process," Mr. Shields cites no authority for the proposition that 180 Life has standing to assert the SEC's interests. His reliance on *United States v. Doe*, 629 F. App'x 69 (2d Cir. 2015), and *Times Mirror Co. v. United States*, 873 F.2d 1210 (9th Cir. 1989), is misplaced. Both of those cases arose from federal agencies' assertions of their own interests in protecting ongoing

---

[1] 180 Life is not the designating party with respect to Exhibit 12, as that exhibit was designated confidential by Dr. Krauss. However, because the exhibit relates to Dr. Krauss' actions on behalf of the company, the Court will consider 180 Life's arguments in favor of sealing Exhibit 12.

1  criminal investigations, and neither case suggests that a private company may rely on such
2  interests as a basis for sealing documents in a civil lawsuit.  *See Doe*, 629 F. App'x at 73; *Times*
3  *Mirror*, 873 F.2d at 1221.
4        In *Doe*, criminal proceedings relating to alleged terrorist activities were sealed at the
5  request of the government, and a journalist's motion to unseal the proceedings was denied.  The
6  Second Circuit found that "[t]he district court properly determined that sealing was required in
7  order to serve the government's compelling interest in promoting safety and ongoing national
8  security investigations."  *Doe*, 629 F. App'x at 73.  The Second Circuit observed that "[t]he
9  Government did not simply make a bald assertion of danger," but rather "explained the nature of
10 the national security concerns to the district court under seal."  *Id*.  In *Times Mirror*, search
11 warrant materials relating to a nationwide FBI investigation were sealed at the government's
12 request, over the objection of the media.  The Ninth Circuit found the sealing to be warranted,
13 concluding among other things that "[t]he public has no qualified First Amendment right of access
14 to warrant materials during the pre-indictment stage of an ongoing criminal investigation."  *Times*
15 *Mirror*, 873 F.2d at 1221.  Nothing in these decisions supports the notion that a private company
16 like 180 Life may assert the interests of a government agency as a basis for sealing material in a
17 civil lawsuit.  Moreover, the ongoing nature of the criminal investigations was highlighted by both
18 the *Doe* and *Times Mirror* opinions.  In the present case, it appears that the SEC's investigation
19 has concluded.  Thus, it is unclear how disclosure of the material in question would impair the
20 SEC's investigative process.  This Court finds that 180 Life has not established compelling
21 reasons to seal the exhibits at issue based on the asserted investigative interests of the SEC.
22       AmTrust's sealing motion (ECF 119) is GRANTED IN PART with respect to Exhibits 10,
23 12, and 13, and those portions of AmTrust's memorandum of points and authorities referring to
24 Exhibits 10, 12, and 13, and otherwise is DENIED.
25       **B.**    **180 Life's Motion to Seal Portions of Opposition and Exhibits (ECF 122)**
26       180 Life moves to seal certain exhibits offered in support of its opposition to summary
27 judgment, as well as portions of its memorandum of points and authorities that refer to those
28 exhibits.  180 Life itself wishes to seal Exhibits 7 and 13 to the to the declaration of Andrew N.

Bourne, while 180 Life moves to seal Exhibits 1, 2, 8, 9, 10, 12, 15, and 17 to the Bourne declaration, and Exhibit A to the declaration of James P. Schratz, only on the basis that those exhibits have been designated as confidential by AmTrust.

180 Life argues that Exhibits 7 and 13 to the Bourne declaration contain confidential information relating to an SEC investigation and that disclosure of the exhibits would jeopardize the SEC's compelling interest in protecting its investigative process. In addition, 180 Life argues that Exhibits 7 and 13 implicate unspecified "confidentiality obligations." Those arguments fail for the same reasons discussed in section II.A, above. 180 Life has not established compelling reasons to seal the exhibits based on the asserted investigative interests of the SEC, and 180 Life's bare assertion of "confidentiality obligations" is insufficient to meet the compelling reasons standard.

With respect to the exhibits as to which AmTrust is the designating party, AmTrust has filed a declaration of counsel, Adrian T. Rohrer, indicating that there does not appear to be any basis for sealing Exhibits 8, 9, 10, 15, and 17 to the Bourne declaration or Exhibit A to the Schratz declaration. AmTrust indicates that Exhibits 1, 2, and 12 to the Bourne declaration may implicate privacy interests of Dr. Krauss, Mr. Hornig, and/or 180 Life and should be sealed on that basis. However, AmTrust has not provided any specifics as to how those privacy interests would be prejudiced by publication of Exhibits 1, 2, and 12. The Court therefore finds that AmTrust has not established compelling reasons for sealing any exhibits as to which AmTrust is the designating party.

180 Life's sealing motion (ECF 122) is DENIED.

### C. AmTrust's Motion to Seal portions of Reply Brief (ECF 124)

AmTrust moves to seal portions of its reply brief that disclose the contents of exhibits as to which the parties have sought sealing in connection with the moving and opposing papers. For the reasons discussed above, the compelling reasons standard has been met only as to Exhibits 10, 12, and 13 to the declaration of Adrian T. Rohrer filed in support of AmTrust's motion for summary judgment. Accordingly, AmTrust's motion to seal portions of its reply brief is GRANTED IN PART to the extent the reply brief refers to those exhibits, and otherwise is DENIED.

**III. ORDER**

(1) AmTrust's motions to seal (ECF 119 and 124) are GRANTED as to Exhibits 10, 12, and 13 to the declaration of Adrian T. Rohrer filed in support of AmTrust's motion for summary judgment, and those portions of AmTrust's briefing disclosing material contained in those exhibits. AmTrust's motions to seal (ECF 119 and 124) otherwise are DENIED.

(2) AmTrust SHALL refile its moving and reply papers (including exhibits) on the public docket, with only those narrow redactions authorized by this order, on or before January 17, 2025.

(3) 180 Life's motion to seal (ECF 122) is DENIED.

(4) 180 Life SHALL refile its opposition papers (including exhibits) on the public docket, without any redactions, on or before January 17, 2025.

(5) This order terminates ECF 119, 122, and 124.

Dated: January 9, 2025

_____
BETH LABSON FREEMAN
United States District Judge